Paul W. Garrity (pgarrity@sheppardmullin.com)
Mark E. McGrath (mmcgrath@sheppardmullin.com)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEALFLOW MEDIA, INC.,<br><br>                Plaintiff,<br><br>                v.<br><br>BRETT GOETSCHIUS and MARKETNEXUS MEDIA, INC.,<br><br>                Defendants. | Case No. 2:13-cv-00284-LDW-AKT |

## ANSWER

Defendants Brett Goetschius and MarketNexus Media, Inc. (hereinafter "Defendants"), by their attorneys, Sheppard, Mullin, Richter & Hampton LLP, hereby answers the Complaint (the "Complaint") as follows:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore deny same.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit so much of the allegations in Paragraph 3 of the Complaint as alleges that Defendant Goetschius is a former DFM employee. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit so much of the allegations in Paragraph 4 of the Complaint as alleges that Defendant MarketNexus is a corporation existing under the laws of Delaware. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny each and every allegation in Paragraph 6 of the Complaint.

7. Defendants admit, with respect to Paragraph 7 of the Complaint, that Defendant MarketNexus markets at least one newsletter. Except as so admitted, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7 of the Complaint and, therefore, deny same.

8. Defendants aver that the allegations of Paragraph 8 regarding subject matter jurisdiction constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required with respect to Paragraph 8 of the Complaint, Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. § 1391, but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons stated herein. Except as so admitted, Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9. Defendants deny each and every allegation in Paragraph 9 of the Complaint.

10. Defendants deny each and every allegation in Paragraph 10 of the Complaint.

11. Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12. Defendants deny each and every allegation in Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation in Paragraph 13 of the Complaint.

14. Defendants aver that the allegations of Paragraph 14 regarding subject matter jurisdiction constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required with respect to Paragraph 14 of the Complaint, Defendants

admit that Plaintiff alleges that this dispute is governed by the May 29, 2003 Confidentiality and Invention Agreement entered by Defendant Goetschius and Plaintiff (the "Confidentiality Agreement") such that venue properly lies in this Court under 28 U.S.C. § 1391, but Defendants deny any breach of the Confidentiality Agreement and deny any liability for any and all claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint and, therefore, deny same.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint and, therefore, deny same.

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint and, therefore, deny same.

18. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint and, therefore, deny same.

19. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint and, therefore, deny same.

20. Defendants deny that Plaintiff's alleged "method of locating, compiling, and constructing data" is a highly guarded trade secret.  Defendants further deny that "the way [Plaintiff's] data products are structured to meet individual customer needs" is a highly guarded trade secret.  Defendants further deny that "pricing strategies and negotiating styles that have been developed over the years to best attract and maintain [Plaintiff's] customers" is a highly guarded trade secret.  Except as so specifically denied, defendants deny knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 20 of the Complaint and, therefore, deny same.

21. Defendants deny that "there are no publically and readily available lists" of individuals who specialize in specialized financial areas. Except as so specifically denied, defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 21 of the Complaint and, therefore, deny same.

22. Defendants deny each and every allegation of Paragraph 22.

23. Defendants deny that "the identify and contact information of DFM's customers and potential customers who seek this highly specialized financial data, their individual investment preferences and strategies, their agents and account managers, the account information of DFM's customers, their business and financial dealings, the transactions in their DFM accounts, their history and purchasing patterns, DFM's customer plans and profitability considerations, DFM's strengths and weaknesses with its customers, other business and financial information concerning DFM products, prices, schedules and costs, and related information" (the "Alleged Confidential Information") as identified in Paragraph 22 of the Complaint "is not known, nor readily or easily available to the public." Except as so specifically denied, defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 23 of the Complaint and, therefore, deny same.

24. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint and, therefore, deny same.

25. Defendants deny that the Alleged Confidential Information cannot be duplicated. Except as so specifically denied, defendants deny knowledge or information sufficient to form a

belief as to the remaining allegations of Paragraph 25 of the Complaint and, therefore, deny same.

26. Defendants deny that the Alleged Confidential Information "derives independent economic value from not being known to others and not being readily accessible through proper means by others." Except as so specifically denied, defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 26 of the Complaint and, therefore, deny same.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint that Defendant Goetschius had prior experience in the publication of newsletters. Except as so specifically admitted, defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 28 of the Complaint and, therefore, deny same.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that Defendant Goetschius was invested with rights to phantom equity of Plaintiff. Except as so specifically admitted, defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 32 of the Complaint and, therefore, deny same.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint and, therefore, deny same.

35. Defendants admit, with respect to Paragraph 35 of the Complaint, that Plaintiff

purports to quote from the Confidentiality Agreement, and refers Court to the referenced document for a description of its content.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 35 of the Complaint.

36. Defendants admit, with respect to Paragraph 36 of the Complaint, that Plaintiff purports to quote from the Confidentiality Agreement, and refers Court to the referenced document for a description of its content.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 36 of the Complaint.

37. Defendants admit, with respect to Paragraph 37 of the Complaint, that Plaintiff purports to quote from the Confidentiality Agreement, and refers Court to the referenced document for a description of its content.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 37 of the Complaint.

38. Defendants admit, with respect to Paragraph 38 of the Complaint, that Plaintiff purports to quote from the Confidentiality Agreement, and refers Court to the referenced document for a description of its content.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 38 of the Complaint.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit, with respect to Paragraph 40 of the Complaint, that Defendant Goetschius, while employed by Plaintiff, downloaded computer files to the computer provided to him by Plaintiff in the normal course of his employment, but deny knowledge or information sufficient to form a belief that any such files contained confidential information and, therefore, deny same. Defendants deny possession of such computer, which was returned to Plaintiff at the time Defendant Goetschius was terminated, and, further, deny that Defendant Goetschius has possessed, maintained, or used any such computer files after his employment with Plaintiff was

terminated. Except as so admitted and denied, Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41. Defendants admit, with respect to Paragraph 41 of the Complaint, that Defendant Goetschius, while employed by Plaintiff, would request in the normal course of his employment that computer files be emailed to him on the computer provided to him by Plaintiff, but deny knowledge or information sufficient to form a belief that any such files contained confidential information and, therefore, deny same. Defendants deny possession of such computer, which was returned to Plaintiff at the time Defendant Goetschius was terminated, and, further, deny that Defendant Goetschius has possessed, maintained, or used any such computer files after his employment with Plaintiff was terminated. Except as so admitted and denied, Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42. Defendants admit, with respect to Paragraph 42 of the Complaint, that Defendant Goetschius, while employed by Plaintiff, in 2009, at the express direction of Plaintiff, downloaded files to the cell phone provided to him by Plaintiff, but deny knowledge or information sufficient to form a belief that any such files contained confidential information and, therefore, deny same. Defendants further deny that Defendant Goetschius has possessed, maintained, or used any such computer files after his employment with Plaintiff was terminated. Except as so admitted and denied, Defendants deny the remaining allegations of Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Complaint and, therefore, deny same.

44. Defendants admit that the *Growth Capital Investor* newsletter identifies itself as a product of Defendant MarketNexus. Except as so admitted, Defendants deny knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 44 of the Complaint and, therefore, deny same.

45.     Defendants deny that Defendant MarketNexus' product copies the overall format and the "look-and-feel" of Plaintiff's products.  Except as so denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 45 of the Complaint and, therefore, deny same.

46.     Defendants admit that Plaintiff's counsel contacted Defendant Goetschius by letter, but deny possessing, maintaining or using any alleged confidential information or alleged trade secret information belonging to Plaintiff.  Except as so admitted and denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 46 of the Complaint and, therefore, deny same.

47.     Defendants admit that Plaintiff's counsel contacted Defendant Goetschius by letter, but deny possessing, maintaining or using any alleged confidential information or alleged trade secret information belonging to Plaintiff.  Except as so admitted and denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 47 of the Complaint and, therefore, deny same.

48.     Defendants admit that Defendant Goetschius did not respond to Plaintiff's letter, but deny possessing, maintaining or using any alleged confidential information or alleged trade secret information belonging to Plaintiff, and deny having any obligation to respond to a baseless letter.  Except as so admitted and denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 48 of the Complaint and, therefore, deny same.

49. Defendants deny any misappropriation of any alleged confidential information or alleged trade secret information belonging to Plaintiff. Except as so specially denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 49 of the Complaint and, therefore, deny same.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the Complaint and, therefore, deny same.

51. Defendants deny each and every allegation in Paragraph 51 of the Complaint.

52. Defendants deny each and every allegation in Paragraph 52 of the Complaint.

53. Defendants deny possession of any alleged confidential information or alleged trade secret information belonging to Plaintiff. Except as so specially denied, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 53 of the Complaint and, therefore, deny same.

54. Defendants deny each and every allegation in Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the Complaint and, therefore, deny same.

56. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 of the Complaint and, therefore, deny same.

57. Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58. Defendants deny each and every allegation in Paragraph 58 of the Complaint.

59. Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60. Defendants deny each and every allegation in Paragraph 60 of the Complaint.

61. Defendants deny each and every allegation in Paragraph 61 of the Complaint.

62. Defendants deny each and every allegation in Paragraph 62 of the Complaint.

63. Defendants deny each and every allegation in Paragraph 63 of the Complaint.

## COUNT ONE

64. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 63 above as if fully set forth herein.

65. Defendants admit that Defendant Goetschius and Plaintiff are parties to the Confidentiality Agreement but Defendants deny any breach of the Confidentiality Agreement and deny any liability for any and all claims asserted by Plaintiff for the reasons stated herein. Except as so admitted, Defendants the remaining allegations of Paragraph 65 of the Complaint.

66. Defendants deny each and every allegation of Paragraph 66.

67. Defendants deny each and every allegation of Paragraph 67.

68. Defendants deny each and every allegation of Paragraph 68.

69. Defendants deny each and every allegation of Paragraph 69.

70. Defendants deny each and every allegation of Paragraph 70.

71. Defendants deny each and every allegation of Paragraph 71.

## COUNT TWO

72. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 71 above as if fully set forth herein.

73. Defendants deny each and every allegation of Paragraph 73

74. Defendants deny each and every allegation of Paragraph 74.

75. Defendants deny each and every allegation of Paragraph 75.

76. Defendants deny each and every allegation of Paragraph 76.

77. Defendants deny each and every allegation of Paragraph 77.

78. Defendants deny each and every allegation of Paragraph 78.

79. Defendants deny each and every allegation of Paragraph 79.

80. Defendants deny each and every allegation of Paragraph 80.

81. Defendants deny each and every allegation of Paragraph 81.

82. Defendants deny each and every allegation of Paragraph 82.

83. Defendants deny each and every allegation of Paragraph 83.

84. Defendants deny each and every allegation of Paragraph 84.

## COUNT THREE

85. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 84 above as if fully set forth herein.

86. Defendants deny each and every allegation of Paragraph 86.

87. Defendants deny each and every allegation of Paragraph 87.

88. Defendants deny each and every allegation of Paragraph 88.

89. Defendants deny each and every allegation of Paragraph 89.

90. Defendants deny each and every allegation of Paragraph 90.

91. Defendants deny each and every allegation of Paragraph 91.

## COUNT FOUR

92. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 91 above as if fully set forth herein.

93. Defendants deny each and every allegation of Paragraph 93.

94. Defendants deny each and every allegation of Paragraph 94.

95. Defendants deny each and every allegation of Paragraph 95.

96. Defendants deny each and every allegation of Paragraph 96.

97. Defendants deny each and every allegation of Paragraph 97.

98. Defendants deny each and every allegation of Paragraph 98.

## COUNT FIVE

99. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 98 above as if fully set forth herein.

100. Defendants deny each and every allegation of Paragraph 100.

101. Defendants deny each and every allegation of Paragraph 101.

102. Defendants deny each and every allegation of Paragraph 102.

103. Defendants deny each and every allegation of Paragraph 103.

104. Defendants deny each and every allegation of Paragraph 104.

## COUNT SIX

105. Defendants repeat and reallege their answers and responses to Paragraphs 1 through 104 above as if fully set forth herein.

106. Defendants deny each and every allegation of Paragraph 106.

107. Defendants deny each and every allegation of Paragraph 107.

108. Defendants deny each and every allegation of Paragraph 108.

109. Defendants deny each and every allegation of Paragraph 109.

110. Defendants deny each and every allegation of Paragraph 110.

111. Defendants deny each and every allegation of Paragraph 111.

## AFFIRMATIVE DEFENSES

Without assuming any burden they would not otherwise bear, Defendants assert the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

**(Improper Venue)**

Plaintiff's claims are barred in this Court for improper venue.

## SIXTH AFFIRMATIVE DEFENSE

**(Lack of Personal Jurisdiction)**

Plaintiff's claims are barred in this Court because this Court lacks personal jurisdiction.

## JURY DEMAND

Defendants demand a jury trial on all issues triable to a jury in this matter.

Dated: New York, New York          Respectfully submitted,

February 8, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    *s/Paul W. Garrity*
   Paul W. Garrity
   Mark E. McGrath

30 Rockefeller Plaza
New York, New York 10112
Tel:  (212) 653-8700
Fax:  (212) 653-8701

*Attorneys for Defendants*